**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Kasey Hiott, for herself and her minor child, H.M., | ) ) ) | C/A No.: 2:26-cv-00130-BHH |
| Plaintiffs, | ) ) | Jury Trial Demanded |
| v. | ) ) ) | |
| Berkeley County School District, Lynsey Phillips, individually, Chad Reddin, individually, | ) ) ) ) | |
| Defendants. | ) ) | |

COMPLAINT

This is an action under state and federal law for money damages, injunctive relief and equitable relief. The federal claims stated are brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the Fourteenth Amendment to the Constitution of the United States. The state law claims are brought under the South Carolina Constitution, state laws and state common law. A jury trial is demanded. Among other things, after any jury verdict injunctive and declaratory relief is sought to compel the BCSD to train its principals and teachers to comply with BCSD policies, state law and federal law, at which training obligation it appears the BCSD at present is failing, given the circumstances which led to the injuries sustained at school by H.M. and, as a consequence, his mother, Kasey Hiott.

For her complaint, the plaintiff alleges:

PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Kasey Hiott is the natural mother of a minor referred to in this complaint as HM or H.M.. She and her son are each a citizen and resident of South Carolina. She is referred to in this complaint as Ms. Hiott, or as HM's mother.

1

2. H.M. was born in November, 2009. He was fourteen years old in January, 2024, when the events which gave rise to this action took place. He resides with his mother in Berkeley County, South Carolina.

3. In the 2023-2024 school year, HM attended Sedgefield Middle School, operated by the Berkeley County School District. This complaint arose from the serious injuries he sustained at Sedgefield Middle School. Among other things, his injuries included head injuries which have resulted in his now having periodic seizures, as well as headaches, dizziness, and anxiety, each of which requires ongoing treatment in varying degrees.

4. The Berkeley County School District, referred to in this complaint as the BCSD, is a public school district which does business in Berkeley County. It is governed by a board of trustees. Its agents and employees, which include defendants Reddin and Phillips, act under color of state law. The BCSD has supervisory responsibility for its agents and employees, and it and its agents and employees are required to comply with BCSD own policies as well as state and federal law. In the 2023 - 2024 school year, one of the schools the BCSD operated was Sedgefield Middle School. The BCSD is sued in this action under state law in part for the conduct of two of its agents and employees, Lynsey Phillips and Chad Reddin, each of whom was employed at Sedgefield Middle School. In addition, the BCSD is sued in its own right under an alternative cause of action under federal law.

5. Lynsey Phillips served as the interim principal of Sedgefield Middle School during the 2023-2024 school year. In that capacity she acted under color of state law and was under the supervision of the BCSD. She was required to comply with BCSD policies as well as state and federal law. She is sued individually under federal law.

Under state law, liability for her misconduct is the responsibility of the BCSD.

6. Chad Reddin was employed by the BCSD as a teacher at Sedgefield Middle School during the 2023-2024 school year. In that capacity he operated under color of state law. As a teacher he was under the supervision of Lynsey Phillips and the BCSD, and was required to comply with BCSD policies as well as state and federal law. He is sued in his individual capacity under federal law. Under the state law, liability for his misconduct is the responsibility of the BCSD.

7. The court has jurisdiction of this action under 28 U.S.C. § 1331. The complaint alleges violations of 42 U.S.C. § 1983, and seeks, among other things, compensation for injuries to the federally protected rights of each of HM and Ms. Hiott.

8. Venue in the Charleston Division of the federal court is proper under 28 U.S.C. §§ 1391(b)(1) and b(2), in that the action has been brought where the alleged affirmative actions, deliberate indifference, and other actions occurred, in the state where the defendants work and are citizens, and in the court division where, upon information and belief, each defendant resides.

9. The court has supplemental jurisdiction under 28 U.S.C. § 1367 of the various state law claims that all relate to the claims within the court's original jurisdiction, arising from state actors infringing the plaintiffs' federally and constitutionally protected rights.

FEDERAL RIGHTS INFRINGED

10. The federal rights alleged to have been infringed include HM's substantive Due Process right of bodily integrity: the fundamental right to control his own body and to be free from physical interference, including non-consensual touching, assault, and other forms of physical violation, without permission of both HM and, during his

3

minority, permission of his mother, Ms. Hiott.

11. Among Ms. Hiott's federal and constitutional rights alleged to have been infringed are her liberty interests in each of (a) protecting her child's bodily integrity, (b) directing her child's upbringing and education, and (c) her right to family integrity.

12. Each defendant is charged with protecting each of the plaintiffs' interests under BCSD policies as well as under state and federal law.

## NATURE OF WRONGDOING

13. In addition to the plaintiffs' rights protected by federal law, in 2006 the South Carolina legislature passed the "Safe School Climate Act," a series of laws to address harassment, intimidation, and bullying in South Carolina schools. That Act is codified at S.C. Code § 59-63-110 et seq,

14. The federal rights which the complaint alleges were infringed do not depend on state law. Those federal rights exist independent of state law, and the defendants are obligated to protect them without regard to state law. As it happens, state law as alleged in this complaint is consistent with the obligations to protect the federal rights alleged to have been infringed, and reflects the feasibility of measures which were available to protect the federal interests damaged by the defendants' conduct.

15. S.C. Code § 59-63-120 defines "harassment, intimidation, or bullying" to include physical acts which harm a student physically, as well as any acts taken to retaliate against anyone who reports harassment, intimidation, or bullying.

16. S.C. Code § 59-63-140 obligated each local school district to adopt a policy prohibiting harassment, intimidation, or bullying at school, as well as procedures for reporting such acts, investigating such acts, publicizing the policy against harassment, intimidation or bullying, and for training employees and school volunteers in those

4

school safety policies.

17. To encourage reporting, S.C. Code § 59-63-150 created immunity from state law claims for an employee "who promptly reports" to an appropriate school official an incident of harassment, intimidation, or bullying.

18. In 2006 the BCSD adopted, and in 2019 it revised, a policy identified as JCDAAAA, on harassment, intimidation or bullying. Among other things, policy JCDAAAA states:

> If an employee receives a complaint of harassment, intimidation or bullying or observes any behavior which could amount to harassment, intimidation or bullying the employee must transmit the complaint to the school's principal or other designated contact person as soon as practicable.

19. The BCSD is obligated to train its principals and its teachers in both its own policies, state law and federal law, and to maintain records of that training.

20. Prior to the 2023 – 2024 school year, either the BCSD failed to train defendants Phillips and Reddin, or Phillips and Reddin failed to comply with that training. This complaint addresses each potential failure as alternative theories of liability.

21. Prior to the 2023 – 2024 school year, either defendant Phillips failed to train and properly supervise defendant Reddin, or defendant Reddin failed to comply with that training and supervision. This complaint addresses each potential failure as alternative theories of liability.

22. As noted above, during the 2023 – 2024 school year, HM attended Sedgefield Middle School.

23. Prior to January 31, 2024, other students were known to the defendants to have been physically aggressive with, and threatening to, HM, in violation of BCSD policies as well as state and federal law.

24. On January 31, 2024, HM received a threat from one or more of the

5

students known to have been physically aggressive towards him. That threat was that he would be attacked and beaten after he left his music class.

25. Reflecting his fear, HM sent text messages to his mother about his fear that he would be beaten up. She encouraged him to report his fear.

26. HM's music class was with Mr. Reddin.

27. Mr. Reddin's classroom, with Mr. Reddin present, was known by all defendants to be a safer space than the less supervised space of the Sedgefield Middle School hallways.

28. When his music class ended, HM approached Mr. Reddin and informed him that he, HM, had (a) received a threat to his physical safety from one or more other students known to be physically aggressive towards HM, and (b) that he, HM, would be attacked and beaten up if he left Mr. Reddin's music classroom.

29. As noted above, outside of Mr. Reddin's music class room was known by all parties in this litigation to be a more dangerous space for HM, in that it was not as closely supervised as was Mr. Reddin's classroom space with Mr. Reddin present. That is why HM requested permission from Mr. Reddin to remain in Mr. Reddin's classroom.

30. Upon receiving that request from HM, Mr. Reddin should have complied with each of federal law, state law and BCSD policy, and taken affirmative action to (a) protect HM by granting his request to remain in his classroom under his supervision and (b) immediately report to defendant Phillips or her designee the physical threat to HM that underlay his request of Mr. Reddin, or (c) accompany HM in the Sedgefield Middle School hallways or (d) make an arrangement to have one or more other adults accompany HM in the Sedgefield Middle School hallway.

31. Defendants BCSD and Phillips were either deliberately indifferent to their

obligations to properly train and supervise defendant Reddin in the appropriate affirmative action(s) to take in response to the threat HM reported to his physical safety, or defendant Reddin was deliberately indifferent to that training and supervision, as well as to the known risk of harm to HM inherent in his request for permission to remain in a safe, supervised space of a classroom with a teacher present, so HM could avoid being beaten up in the more dangerous, less supervised space of the Sedgefield Middle School hallways.

32. Instead of any of the affirmative actions noted above which defendant Reddin ought to have taken in response to HM's information and request, defendant Reddin took a different affirmative act in response to HM's request, reflecting his deliberate indifference to the risk of assault to HM: Defendant Reddin denied HM's request to remain in his classroom.

33. Defendant Reddin then made no report about the threat to HM.

34. Alternatively, if defendant Reddin contends he made a report, he failed to protect HM in any other way, and defendant Phillips failed to respond to the threat reported.

35. Additionally, defendant Reddin made no other arrangement to protect HM once HM entered the Sedgefield Middle School hallways after the threat against him.

36. This cause of action is based on defendant Reddin's affirmative act of refusing to permit HM to remain in his classroom, which necessarily required HM to exit the safe, more supervised space of the music classroom with Mr. Reddin present, and to enter the less safe, less supervised space of the Sedgefield Middle School hallways.

37. As HM had reported he had been threatened, once he was in the comparatively less supervised, less safe space of the Sedgefield Middle School hallways

7

after his music class, HM was attacked and beaten by the student or students who had threatened him. The beating severely injured HM.

38.  HM sustained serious head injuries in that beating, and now has, among many other injuries, periodic seizures, headaches, dizziness, and anxiety, each of which requires ongoing treatment in varying degrees.

39.  As assessed by a board-certified neurologist, HM's seizures and other injuries were proximately caused by the physical assault he sustained at Sedgefield Middle School.

40.  HM's assault at school was both foreseeable and preventable by reasonable and available actions which could have been taken by Reddin or Phillips or both.

41.  Reflecting both the reasonableness and effectiveness (had it been used) of the request HM had made to remain in the classroom with Mr. Reddin, or other potential remedies defendant Reddin which were available but which Reddin affirmatively denied HM, the beating HM sustained in the Sedgefield Middle School hallway was ended only when another teacher, a female no longer employed by the BCSD, broke up the fight. She was able to do so only after HM had already been injured.

42.  Had defendant Reddin not affirmatively acted so as to expose HM to the increased risk of harm in the Sedgefield Middle School hallways, HM's injuries could have been avoided.

43.  Having chosen to expose HM to the increased risk of harm to him in the hallways, defendant Reddin might also have prevented the harm to HM and his mother by reasonably available means.

44.  As his custodial parent, Kasey Hiott is responsible for HM's care and well-being. She has incurred costs in providing care for her son. Also, the injuries to HM

8

caused independent and intangible injuries to Kasey Hiott, recognized under both federal and state law.

For a First Cause of Action: Deprivation of Federal Rights
Against Defendant Reddin: Count 1: State Created Danger
(Affirmative Acts Which Increased
the Risk of Harm to HM and Kasey Hiott)

45.     Allegations above are incorporated into this cause of action as if fully stated.

46.     This cause of action does not depend on state law, or BCSD policy JCDAAA, or the training required by that policy.

47.     Since not later than 1995 it has been clearly established in the Fourth Circuit that affirmative acts by a state actor which increases the risk of harm to constitutional injury gives rise to an actionable constitutional claim under the state-created danger doctrine.

48.     HM and Ms. Hiott each have substantive Due Process rights, as alleged above. Each of those rights is protected by federal law.

49.     In this cause of action defendant Reddin is alleged to have been a state actor, acting under color of state law; he is sued under federal law in his individual capacity.

50.     Student-on-student violence in a school is a known danger to the constitutional rights of students and their families.

51.     Defendant Reddin's affirmative actions as alleged above caused injury to the federal rights of HM and Ms. Hiott.

52.     Before defendant Reddin's affirmative actions, HM was in a safe place: in defendant Reddin's classroom with defendant Reddin present.

53.     As alleged above, HM informed defendant Reddin that he had been

9

threatened by persons known to have been physically aggressive towards HM. HM requested defendant Reddin permit HM to remain in his classroom.

54. As alleged above, defendant Reddin affirmatively denied HM's request that HM be permitted to remain in defendant Reddin's classroom.

55. Defendant Reddin's affirmative act failed to adequately respond to a situation known to be potentially dangerous to constitutional injury, and compelled HM to leave the safe place he was in and enter the more dangerous place of the Sedgefield Middle School hallway under the threat of assault.

56. Defendant Reddin's affirmative act increased the risk of harm to HM and to Ms. Hiott, and resulted in harm to HM and Ms. Hiott.

57. Each of HM and Ms. Hiott is entitled to actual and punitive damages against defendant Reddin.

For a Second Cause of Action: Deprivation of Federal Rights
Against Defendant Reddin: Count 2: State Created Danger
(Deliberate Indifference to a known risk of harm of constitutional injury)

58. Allegations above are incorporated into this cause of action as if fully stated.

59. This cause of action does not depend on state law, or BCSD policy JCDAAA, or the training required by that policy.

60. HM and Ms. Hiott each have substantive Due Process rights, as alleged above. Each of those rights is protected by federal law.

61. In this cause of action defendant Reddin is alleged to have been a state actor, acting under color of state law; he is sued under federal law in his individual capacity.

62. In addition to, and independent of, his affirmative actions, as alleged

10

above, which caused injury to the federal rights of HM and Ms. Hiott, defendant Reddin was also deliberately indifferent to a known risk of harm to constitutional injury to both HM and Ms. Hiott. Defendant Reddin failed to adequately respond to a potentially dangerous situation, which resulted in actionable constitutional injury to HM and Ms. Hiott.

63. Not later than 2023 it was clearly established in the Fourth Circuit that objectively unreasonable actions which fail to adequately respond to a potentially dangerous situation gives rise to an actionable constitutional claim under the state-created danger doctrine.

64. As alleged above, until defendant Reddin's affirmative act to deny HM's request to remain in his classroom, HM was in a safe place. That affirmative act was that even after HM informed defendant Reddin of the threat against him, by persons known to have been physically aggressive towards HM, defendant Reddin affirmatively denied HM's request to remain in defendant Reddin's classroom, which compelled HM to enter the more dangerous Sedgefield Middle School hallways under the threat of assault.

65. Even after Reddin's affirmative act to increase the risk of harm to HM, Reddin could have protected HM in other ways.

66. Independent of, and in addition to, Reddin's affirmative acts to increase the risk to HM, defendant Reddin in different ways also failed by inaction, and deliberate indifference, to adequately respond to the known potentially dangerous situation. In doing so, defendant Reddin acted in objectively unreasonable ways.

67. Student-on-student violence in a school is a known danger to the constitutional rights of students and their families. HM had reported to defendant Reddin not a generalized concern but a specific threat against HM, made by one or more students

11

with a history of aggression towards HM, to occur at a specific time.

68. What HM reported was a known danger to the constitutional rights of HM and of his mother, Ms. Hiott.

69. Defendant Reddin neither timely reported to Phillips the threat HM reported to him, nor arranged for HM to be supervised (by defendant Reddin or any other adult), once HM left defendant Reddin's classroom.

70. Defendant Reddin acted in objectively unreasonable ways to the potentially dangerous situation reported to him, which resulted in constitutional injury to HM and to Ms. Hiott when HM was attacked in the Sedgefield Middle School hallways.

71. Defendant Reddin's deliberate indifference to the specific threat HM reported, and the injuries that resulted, are an independent basis of liability against defendant Reddin for the injuries sustained by HM and Ms. Hiott.

72. Each of HM and Ms. Hiott is entitled to actual and punitive damages against defendant Reddin.

For a Third Cause of Action: Deprivation of Federal Rights
Against Defendant Phillips: State Created Danger
(Deliberate Indifference to a known risk of harm of constitutional injury)

73. Allegations above are incorporated into this cause of action as if fully stated.

74. This cause of action does not depend on state law, or BCSD policy JCDAAA, or the training required by that policy. It also assumes defendant Reddin will contend he timely reported to defendant Phillips the threat reported by HM.

75. As alleged above, HM and Ms. Hiott each have substantive Due Process rights that are protected by federal law.

76. In this cause of action defendant Phillips is alleged to have been a state

actor, acting under color of state law; she is sued under federal law in her individual capacity.

77. In addition to, and independent of, the causes of action against defendant Reddin, alleged above, which caused injury to the federal rights of HM and Ms. Hiott, should defendant Reddin contend he timely reported to defendant Phillips the threat HM reported to Reddin, and did so before HM was attacked in the hallways of Sedgefield Middle School, and did so with a reasonable opportunity for Phillips to have prevented the attack, Phillips was also deliberately indifferent in failing to respond to the known risk of harm to constitutional injury to both HM and Ms. Hiott. Phillips unreasonably failed to respond to the known potentially dangerous situation, leaving HM unprotected in the hallways and which resulted in actionable constitutional injury to HM and Ms. Hiott.

78. Defendant Phillips' inaction was objectively unreasonable.

79. Not later than 2023 it was clearly established in the Fourth Circuit that objectively unreasonable actions which fail to adequately respond to a potentially dangerous situation gives rise to an actionable constitutional claim under the state-created danger doctrine.

80. Defendant Phillips' deliberate indifference to the specific threat reported is an additional, and independent basis of liability for the injuries sustained by HM and Ms. Hiott.

81. Each of HM and Ms. Hiott is entitled to actual and punitive damages against defendant Phillips.

> For a Fourth Cause of Action: Deprivation of Federal Rights
> Against Defendant BCSD: Policy or Custom of Failure to Train

82. Allegations above are incorporated into this cause of action as if fully

13

stated.

83. This cause of action does not depend on state law, or BCSD policy JCDAAA, or the training required by that policy. It assumes defendant BCSD has a uniform and widespread policy of failing to properly train its agents and employees, including defendants Phillips and Reddin, in their obligations under federal law so as to properly respond to the known danger of student-on-student violence and protect the federal rights of their students and families.

84. Without regard to its obligations under state law, the BCSD is obligated under federal law to protect federal rights of students and their families, including HM and Ms. Hiott, by (a) properly training its agents and employees, including Phillips and Reddin, to protect those federal rights, and (b) maintaining records of that training.

85. Given the misconduct of defendants Reddin and Phillips alleged above, it appears that defendant BCSD is deliberately indifferent to proper training, and instead has a policy to disregard its obligations to train its agents or employees in how to protect the federal rights of students and families from known threats of student-on-student violence.

86. In January, 2023, the Fourth Circuit clearly established that objectively unreasonable actions to a potentially dangerous situation gives rise to an actionable constitutional claim under the state-created danger doctrine.

87. The BCSD has an obligation to train its agents and employees on developments in the law, including federal law.

88. In the event defendants Reddin and Phillips contend that between January, 2023, and January 31, 2024, they were never trained in how to respond to a situation presenting known potential dangers to constitutional injury, then the responsibility for

14

that failure that led to the injuries to HM and Ms. Hiott rests with the BCSD, and reflects deliberate indifference by BCSD to the increased risk of harm to each of the plaintiffs.

89.     As a result of that deliberate indifference by the BCSD, and the lack of training that appears to have resulted in the conduct of defendants Reddin and (if she was timely told) Phillips, neither of defendants Reddin nor Phillips properly responded after HM reported the threat against him. That indifference by the BCSD as to training left HM unprotected from the threat against him, and as a result, the federal rights of both HM and Ms. Hiott were injured.

90.     Each of HM and Ms. Hiott is entitled to actual and punitive damages against defendant BCSD.

91.     In addition, after any verdict for the plaintiffs, the court should issue a post-trial order declaring the BCSD training practices inadequate and enjoin the BCSD from failing to properly trains its agents and employees in their obligations to protect the federal rights of its students and families.

For a Fifth and Alternative Cause of Action:
Gross Negligence in supervising students
Against Defendant BCSD, under state law

92.     Allegations above in paragraphs 1 to 9 and 13 to 44 are incorporated into this cause of action as if fully stated.

93.     This cause of action rests on state law, and assumes a jury finds none of the defendants breached the higher standard under federal law of deliberative indifference to the risk of injury to HM and Ms. Hiott, as alleged in the various causes of action stated above under federal law.

94.     Under state law, the BCSD is liable for the gross negligence of its agents and employees in supervising students.

95. As alleged above, BCSD agents and employees failed to exercise even slight care to protect the interests of HM and his mother.

96. The 2006 "Safe School Climate Act," at S.C. Code § 59-63-110 et seq., plainly obligated the agents and employees of the BCSD to protect HM and his mother from HM being assaulted at school.

97. Prior to the 2023 – 2024 school year, either the BCSD failed to train Phillips and Reddin, or Phillips and Reddin failed to comply with that training, resulting in jury to HM and to his mother.

98. State law as well as BCSD policy JCDAAAA obligated BSCD employee Reddin to report the threat HM reported to Reddin, and to take reasonable and effective steps to protect HM from assault at school.

99. BCSD employee Reddin was grossly negligent in each of:

   a. Failing to report the threat HM reported to him,

   b. refusing to permit HM to remain in Reddin's classroom, and

   c. failing to himself provide, or arrange for another person to provide, HM with a "shadow" to accompany HM in the hallways after HM reported the threat against him.

100. If Reddin contends he timely reported to Phillips or her designee, then BCSD Phillips was grossly negligent in each of:

   a. Failing to act on the report Reddin made about the threat to HM,

   b. Failing to direct Reddin to permit HM to remain in Reddin's classroom, and

   c. failing to provide, or arrange for another person to provide, HM with a "shadow" to accompany him in the hallways after Reddin

16

reported the threat HM had reported to Reddin.

101. BCSD was grossly negligent in its agents and employees' failure to take reasonable and prudent steps to protect HM and his mother from HM being assaulted at school. Each BCSD failure as alleged above proximately caused injury to HM and his mother.

102. Alternatively, if defendant Reddin contends he timely reported to defendant Phillips the threat HM reported to defendant Reddin, then BCSD is liable under state law for the gross negligence by both Reddin and Phillips in failing to take reasonable and effective steps to protect HM and his mother.

103. BCSD is liable for the gross negligence of itself as well as of its agents and employees in failing to protect HM and his mother.

104. Each of HM and Ms. Hiott is entitled to damages against the BCSD.

For a Sixth and Alternative Cause of Action:
Negligence in training and supervising its employees
Against Defendant BCSD, under state law

105. Allegations above in paragraphs 1 to 9 and 13 to 102 are incorporated into this cause of action as if fully stated.

106. This cause of action rests on state law, and assumes a jury finds none of the defendants breached the higher standard under federal law of deliberate indifference to the risk of injury to HM and Ms. Hiott, as alleged in the various causes of action stated above under federal law.

107. Under state law, the BCSD is liable for its own negligence, as well as the negligence of its agents and employees Reddin and Phillips.

108. The BCSD has a special relationship with its students and their families, and a duty to maintain safety in its schools both because it is imposed by statute and

17

because the BCSD undertakes that duty.

109. As alleged above, BCSD was negligent in training and supervising its employees Reddin and Phillips.

110. Each of Reddin and, if she was timely told, Phillips, acted negligently in failing to properly respond to the threat of assault reported by HM, as detailed in allegations above.

111. HM's assault was both foreseeable and preventable by reasonable and available actions by Reddin or Phillips or both, each of which was negligent in failing to take those actions.

112. BCSD was negligent in supervising Reddin and Phillips, which proximately resulted in the assault on HM at school, injuring both HM and his mother. In turn, Phillips was negligent in supervising Reddin. All defendants were negligent in supervising the hallways of Sedgefield Middle School as to known threats against HM on January 31, 2024.

113. BCSD is liable for its own negligence as well the negligence of those of its agents and employees through whom it acts, in failing to protect HM and his mother.

114. Each of HM and his mother is entitled to damages against the BCSD.

For a Seventh Cause of Action
For Plaintiff Kasey Hiott: Loss of Services
Against Defendant BCSD, under state law

115. Allegations above in paragraphs 1 to 9 and 13 to 114 are incorporated into this cause of action as if fully stated.

116. Kasey Hiott is responsible for the care of her son HM, and is obligated to provide for him.

117. As a result of the conduct of the defendants and the resulting injuries to

18

her son at Sedgefield Middle School, Kasey Hiott has incurred costs and lost certain services, tangible and intangible, of her son, HM.

118.  Kasey Hiott is entitled to damages against the BCSD for the loss of services of her child.

### Demand for Jury Trial

119.  Plaintiff demands a trial by jury.

### Claims for Relief

120.  After a verdict, the court should impose injunctive and declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 1983, consistent with any verdict, so as to enjoin the BCSD from failing to properly train its employees and agents in state and federal obligations and strategies to protect students and families from student-on-student violence, and to document that training.

121.  Actual and punitive damages, individually, against the individual defendants, supplemented by the resources of the BCSD, as provided by federal law for the federal law claims for each plaintiff, without regard to the purported caps stated in S.C. Code § 1-11-460, which cannot limit federal claims.

122.  Damages as provided in S.C. Code § 15-78-120 per occurrence for each plaintiff for the state law claims and the common law claim of Kasey Hiott.

123.  Costs of this suit and reasonable attorneys' fees under 42 U.S.C. § 1988, and

124.  For such other and further relief as the Court deems just and proper.

                                            Respectfully submitted,

                                            *s/ Melissa G. Mosier*
                                            Melissa G. Mosier, S.C. Bar No. 78693
                                            Federal I.D. No. 11000
                                            Joye Law Firm, LLP

1333 Main Street Suite 260
Columbia SC 29201
803-771-3100 x509
mmosier@joyelawfirm.com


*s/ Gregg Meyers*
Gregg Meyers, SC Bar No. 9908
Federal I.D. No. 4183
114 4th Ave NW
Byron MN 55920
843-324-1589
attygm@gmail.com

***Attorneys for the Plaintiffs***